# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

AXIS SURPLUS INSURANCE COMPANY,

        Plaintiff,

v.

INNISFREE HOTELS, INC.,

        Defendant.

2:06 mc 3345 - WKW

CIVIL ACTION NO.: _____

*Presently pending in the United States District Court for the Southern District of Alabama, Southern Division*

*Case No.:  05-527-WS-C*

## OBJECTIONS AND MOTION TO QUASH OR MODIFY SUBPOENAS TO NON-PARTIES WILLIS OF ALABAMA, INC., AND CHUCK NORTON

Willis of Alabama, Inc. ("Willis") and Chuck Norton (hereinafter collectively the "movants"), non-parties to the underlying federal declaratory judgment action between Plaintiff Axis Surplus Insurance Company ("Plaintiff" or "Axis") and Defendant Innisfree Hotels, Inc. ("Defendant" or "Innisfree") now pending in the United States District Court for the Southern District of Alabama,[1] have received subpoenas commanding the production of documents and their presence for deposition testimony, and hereby object and move to quash or modify such subpoenas in accordance with Federal Rule of Civil Procedure 45. While Willis and Mr. Norton do not object in principle to producing non-privileged documents relevant in the Alabama federal court action or giving deposition testimony if necessary, the timeframe under which Axis seeks to secure such document production and testimony is unduly burdensome. Moreover, in

---

[1] While the underlying action, styled *Axis Surplus Insurance Co. v. Innisfree Hotels, Inc.,* Case No. 05-527-WS-5, is pending in the Southern District of Alabama and the subpoenas at issue were mistakenly issued by that Court, *see* Fed. R. Civ. P. 45 (a)(2)(B) & (C), this Motion is undoubtedly properly filed with this Court because the discovery contemplated in Plaintiff's subpoenas is to occur within the geographic area of this District Court. *See* Fed. R. Civ. P. 37 (a)(1) ("An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.").

light of the fact that Innisfree and the individual hotels it owns have filed related broker negligence actions against Willis and Mr. Norton in the state courts of Alabama and Florida,[2] the rapid timetable Axis seeks to impose would undoubtedly operate to prejudice the preparation that Willis and Mr. Norton must undertake before responding to the subpoenas at issue. In support of this Motion, movants state:

1.    While neither Willis nor Mr. Norton are parties to the underlying litigation pending in the Southern District of Alabama, movants have learned that there presently exists a disputed question in that action as to whether Innisfree received certain insurance policies from Axis prior to damage incurred when Hurricane Ivan struck the Florida and Alabama coastlines. Willis and Mr. Norton understand that Innisfree alleges that it did not receive the policies before the hurricane, while Axis contends that it delivered the policies in question to Innisfree before the hurricane via presentation of the policies to Innisfree's alleged agent. Axis has informed undersigned counsel that the document and testimony subpoenas at issue in this Motion are directed specifically to the issue of whether either Willis or Mr. Norton was Innisfree's or Stewart Smith Southeast's agent for purposes of delivery of the relevant insurance policies to Innisfree.

2.    Subject to specific objections preserving privilege, relevance, and avoiding unnecessary burden,[3] both Willis and Mr. Norton are generally agreeable to

---

[2]  After achieving service of process upon Willis and Mr. Norton, Innisfree and the other named Plaintiffs voluntarily dismissed their Alabama state court action. *See* Innisfree Alabama Complaint and Notice of Dismissal Without Prejudice, attached collectively as Exhibit A hereto. Innisfree's Florida state court Complaint has not yet been served upon Willis or Mr. Norton, but remains pending. *See* Innisfree Florida Complaint, attached as Exhibit B hereto.

[3]  Movants specifically reserve all such fact-specific objections for possible assertion at a later date.

producing documents and giving testimony in the Alabama federal court action if necessary. However, Axis has indicated in its subpoenas and during conversations with undersigned counsel that the depositions of Willis and Mr. Norton must occur by November 10th. *See* Axis Subpoenas, attached collectively as Exhibit C hereto (commanding testimony on October 30th (Willis) and November 9th (Mr. Norton)).

      3.     Willis was served with Plaintiff's subpoena on October 16th, while Mr. Norton received his subpoena on October 19th. Upon receipt of the subpoenas, movants promptly began reviewing their files to ensure a full production to Axis while preserving all applicable privileges. However, the scope of Plaintiff's subpoenas is very broad:

> Your entire file regarding Innisfree Hotels, including but not limited to: all correspondence between Willis and Stewart Smith Southeast regarding Innisfree; all correspondence between Willis and Axis Surplus Insurance Company, if any; all correspondence or documents sent to or received from other insurers concerning Innisfree Hotels; any policies of insurance issued between 2003 and 2005 to Innisfree Hotels; any and all file documents regarding Innisfree Hotels dated 2003 to 2005.

Axis Subpoenas at 3.[4] Additionally, Plaintiff's subpoenas "note" "that correspondence also refers to electronic correspondence and e-mail." *Id.* While Mr. Norton does not possess any documentation responsive to Plaintiff's subpoena, Willis has not yet completed a review of its files; indeed, its search for responsive documentation is ongoing and outside counsel has not yet reviewed the possibly-responsive documentation.

---

[4] It appears that the "Exhibit A" to each of Plaintiff's subpoenas, which sets out the scope thereof, is identical.

4.    Of course, a full review of Willis' files is necessary before the non-privileged, responsive documents can be produced and before either Willis or Mr. Norton (its former employee) is able to give informed deposition testimony in the Alabama federal court action, especially in light of the fact that Axis did not provide any deposition notices or information to movants as to the topics of anticipated testimony outside of the subpoenas themselves.    Willis and Mr. Norton must be given the opportunity to consider the documents and refresh their recollection (if any) of the files at issue before they may be expected to testify in this action.    Under Plaintiff's subpoenas, movants currently face the impossible task of preparing themselves for potentially wide-ranging depositions in about two weeks in a case that has been pending for more than a year.

5.    Further, both Willis and Mr. Norton have been sued by Innisfree in Florida state court on the theory that they were "negligent in the following respects:"

(1)    Failure to provide adequate business income insurance;
(2)    Failure to provide NFIP flood coverage on the Hilton Garden Inn and Holiday Inn Express in Orange Beach, Alabama;
(3)    Failure to provide adequate insurance against flood and wind damage; and
(4)    Failure *"to deliver copies of any of the insurance policies which were written for the term May 6, 2004, through May 6, 2005, until after Plaintiffs made demand for same which was after Hurricane Ivan made landfall."*

Innisfree Florida Complaint, Exhibit B, at ¶ 9 (emphasis supplied).[5]    Without question, the testimony sought by Axis pursuant to its subpoenas in this action will overlap with, and Innisfree may attempt to later argue that such testimony binds movants in, the case

---

[5]    Innisfree asserted the same claims in Alabama state court until it chose to voluntarily dismiss its Alabama state court action. *See* Innisfree Alabama Complaint at ¶ 9.

brought by Innisfree in Florida state court. Willis and Mr. Norton object to being forced

to undertake a whirlwind review of documents and rapidly prepare for deposition

testimony in the Southern District of Alabama case if such testimony may bind and

possibly prejudice it in Innisfree's Florida state court action.[6]  Such prejudice is precisely

the type of undue hardship and burden Rule 45 was designed to prevent. *See* Fed. R. Civ.

P. 45 (c)(3)(A).

      6.    In light of the prejudice to movants threatened by the rapidly-approaching

deposition dates chosen by Axis, Willis and Mr. Norton respectfully request that the

Court quash or modify Plaintiff's subpoenas to allow them sufficient time to properly

review their documents and prepare for deposition.  Further, movants submit that the only

way to prevent possible prejudice to their defense in Innisfree's filed (but not served)

Florida state court action is to mandate that their depositions be limited to the specific,

narrow issues relevant in the Alabama federal court action—the policy delivery and

agency questions disputed by the parties.  Further, Willis and Mr. Norton request that the

Court prohibit any party from using any testimony given by them in this action in any

proceeding other than the Alabama federal court action.

      Without question, forcing movants to produce documents and sit for deposition in

this action in the coming weeks imposes an improper burden upon them and threatens

---

[6]  Movants are not aware of any reason for Innisfree's decision not to serve its Florida state court Complaint upon them. Indeed, an examination of the Santa Rosa County court file for Innisfree's Florida state court action reveals that Innisfree has requested that no summons be issued. It may be that Innisfree desired to obtain the testimony and documents of Willis and Mr. Norton only to surprise them with service of the Florida state court Complaint at a later date. It is specifically that type of gamesmanship which movants seek to avoid in this Motion.

grave prejudice to their substantive rights, both in the Alabama federal court action and in the Florida state court action filed by Innisfree. Therefore, Willis and Mr. Norton respectfully request that the Court quash or modify Plaintiff's subpoenas in a manner which will protect them from such prejudice, as set forth above. Additionally, movants request an immediate stay of the subpoena at issue until such time as the Court is able to rule on the merits of this Motion. Should the Court conclude that oral argument as to the matters presented herein would be useful in determining the issues, movants are pleased to participate. For purposes of facilitating coordination between all courts with jurisdiction over the related discovery matters arising out of the Alabama federal court action, Willis and Mr. Norton are filing simultaneously herewith the Notice of Filing in the Southern District of Alabama attached as Exhibit D hereto.

Respectfully Submitted,

_____

R. Thomas Warburton
One of the Attorneys for
Willis of Alabama, Inc. and Chuck Norton

OF COUNSEL:
Rusha C. Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I served the foregoing pleading upon the following counsel of record, via United States Mail, postage prepaid and properly addressed as follows:

Michael A. Montgomery, Esq.
Butler Pappas Weihmuller Katz Craig, LLP
1110 Montlimar Drive, Suite 1050
Mobile, AL 36609

James B. Newman, Esq.
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
Post Office Box 2767
Mobile, AL 36652

_____
OF COUNSEL

1/1504493.1



IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| INNISFREE HOTELS, INC., <br> FULFOR HARBOUR, LLC, <br> EMERALD SKYE CONDO <br> MANAGEMENT & RENTAL CO., INC. <br> PERIDIO HOSPITALITY, LTD. d/b/a <br> DAYS INN ORANGE BEACH, SUNRISE <br> HOSPITALITY OF PENSACOLA <br> BEACH, LLC d/b/a BEACHSIDE <br> RESORT, YOUNGS MOTELS, LTD. <br> d/b/a YOUNGS BY THE SEA, AZURE <br> DEVELOPMENT, LLC d/b/a HILTON <br> GARDEN INN PENSACOLA BEACH, <br> SEASIDE HOSPITALITY, LLC d/b/a <br> HOLIDAY INN EXPRESS – ORANGE <br> BEACH, SLEEPCO MANGEMENT, <br> LLC d/b/a FAMILIY INNS MOBILE, <br> CRR HOSPITALITY LLC d/b/a <br> HILTON GARDEN INN – ORANGE <br> BEACH <br><br>   Plaintiffs <br><br> vs. <br><br> WILLIS OF BIRMINGHAM, INC.; <br> WILLIS OF ALABAMA, INC.; CHUCK <br> NORTON. <br><br>   Defendants. | JURY TRIAL DEMANDED <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL ACTION NO.: <br> CV 06-900120 |

## COMPLAINT

COME NOW Plaintiffs and state as follows:

1.   Plaintiff, INNISFREE HOTELS, INC. is an Alabama corporation incorporated under the laws of the State of Alabama. The other Plaintiffs are Limited Liability Companies or Corporations, or their successors-in-interest, organized under the laws of the State of Florida or



EXHIBIT

A

the laws of the State of Alabama. All plaintiffs are named insureds or additional insureds under the policies sold by defendants.

2.    Defendant WILLIS OF BIRMINGHAM, INC. and/or WILLIS OF ALABAMA, INC. is an insurance agent which sold insurance to Plaintiffs.

3.    Defendant, CHUCK NORTON is a resident of Montgomery, Alabama who was employed by WILLIS OF BIRMINGHAM, INC. and/or WILLIS OF ALABAMA, INC.

4.    Willis of Birmingham and/or Willis of Alabama, Inc. and Chuck Norton made presentations to Plaintiffs, and sold Plaintiffs insurance policies as more fully set out below.

5.    Defendants sold Plaintiffs policies of insurance for the Policy Term from May 6, 2004 - May 6, 2005.

6.    Plaintiffs owned properties insured or which should have been insured under the policies of insurance. Some of these properties are located in Baldwin County, Alabama.

7.    Among other things, the policies provided coverage for lost business income, excess flood coverage and coverage for wind damage.

8.    On or about September 16, 2004, Hurricane Ivan made landfall along the Florida Gulf Coast causing damage to the properties of Plaintiffs.

9.    As a result of the negligence of Defendants, as more particularly set forth below, Plaintiffs have suffered damage.

10.    Defendants were negligent in the following respects:

(i)    Defendants failed to provide adequate business income insurance to Plaintiffs.

(ii)    Defendants failed to provide NFIP flood coverage on two (2) Gulf front properties of Plaintiffs; namely the Hilton Garden Inn in Orange Beach,

- 2 -

Alabama, owned by CRR Hospitality, LLC and the Holiday Inn Express in Orange Beach, Alabama, owned by Seaside Hospitality, LLC.

    (iii)    Defendants failed to provide insurance which would provide adequate flood and wind coverage to the properties of Plaintiffs.

    (iv)    Defendants failed to deliver copies of any of the insurance policies which were written for the term May 6, 2004 through May 6, 2005 until after Plaintiffs made demand for the same which was after Hurricane Ivan made landfall.

11.    As a proximate result of the negligence of Defendants, Plaintiffs were caused to suffer the following damages:

    (i)    The business income coverage that they had was not adequate.

    (ii)    The coverage that they had for excess flood insurance (over NFIP primary limits) and wind coverage was written in such a fashion as to possibly result in non-coverage for losses.

    (iii)    They failed to write flood policies for two (2) properties on the beach in Orange Beach, Alabama.

12.    The damages suffered by Plaintiffs as a result of the negligence of Defendants is $7,858,573.00.

13.    A lawsuit is now pending in the United States District Court for the Southern District of Alabama in which the insurance company which issued the policies contends that it does not owe this amount. Innisfree Hotels, Inc. has contested the position of the insurance company and contends that the insurance company indeed owes the entire amount.

**WHEREFORE,** Plaintiffs demand judgment against Defendants in the amount of $7,858,573.00.

/s/ James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
Attorney for Plaintiffs

## PLAINTIFFS DEMAND TRIAL BY JURY

/s/ James B. Newman
JAMES B. NEWMAN (NEWMJ8049)
Attorney for Plaintiffs

OF COUNSEL:
HELMSING, LEACH, HERLONG,
        NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
phone:        (251) 432-5521
fax:          (251) 432-0633
email:        jbn@helmsinglaw.com

**Please serve Defendants via Sheriff's Office as follows:**

**Willis of Birmingham, Inc.**
**RSA Tower, Suite 2150**
**201 Monroe Street**
**Montgomery, Alabama 36104**

**Willis of Alabama, Inc.**
**RSA Tower, Suite 2150**
**201 Monroe Street**
**Montgomery, Alabama 36104**

**Chuck Norton**
**110 Arrowhead Drive**
**Montgomery, Alabama 36617**

14241/WILLIS/P/DRAFT COMPLAINT
DOC #119397



ELECTRONICALLY FILED
10/9/2006 5:31 PM
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

INNISFREE HOTELS, INC., et al.,           *

     Plaintiffs,                           *

Vs.                                       *          CV-06-900120

WILLIS OF BIRMINGHAM, INC.,               *
et al.,
                                          *
     Defendants.

## NOTICE OF DISMISSAL WITHOUT PREJUDICE

     Plaintiffs hereby notice the dismissal without prejudice of the above-styled action.

No costs to be taxed.


                          s/ James B. Newman
                          JAMES B. NEWMAN (NEW021
                          Attorney for Plaintiffs


OF COUNSEL:
HELMSING, LEACH, HERLONG,
     NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
Email:  jbn@helmsinglaw.com

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system  and that I have served the document by United States Mail, postage prepaid, and addressed to the regular mailing addresses, or by hand delivery, to the following:

> Willis of Birmingham, Inc.
> RSA Tower, Suite 2150
> 201 Monroe Street
> Montgomery, Alabama  36104
>
> Willis of Alabama, Inc.
> RSA Tower, Suite 2150
> 201 Monroe Street
> Montgomery, Alabama  36104
>
> Mr. Chuck Norton
> 110 Arrowhead Drive
> Montgomery, Alabama  36617

this 9th day of October, 2006.

s/James B. Newman
OF COUNSEL

IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, FLORIDA

INNISFREE HOTELS, INC., AZURE
DEVELOPMENT, LLC, FULFER
HARBOUR, LLC, BAY BRIDGE LIMITED
COMPANY,  EMERALD SKYE CONOL
MANAGEMENT & RENTAL CO., INC.,
PERDIDO HOSPITALITY, LTD., D/B/A
BEST WESTERN PERDIDO, ROMAR
MOTELS, INC., D/B/A DAYS INN
ORANGE BEACH, SUNRISE
HOSPITALITY OF PENSACOLA BEACH,
LLC, D/B/A BEACHSIDE RESORT,
YOUNGS MOTELS, LTD., D/B/A YOUNGS
BY THE SEA, AZURE DEVELOPMENT,
LLC, D/B/A HILTON GARDEN INN
PENSACOLA BEACH, SEASIDE
HOSPITALITY, LLC, D/B/A HOLIDAY
INN EXPRESS – ORANGE BEACH,
SLEEPĒN MANAGEMENT, LLC, D/B/A
FAMILY INNS MOBILE, CRR
HOSPITALITY, D/B/A HILTON GARDEN
INN – ORANGE BEACH,

vs.                                              CIVIL ACTION NO.:

WILLIS OF BIRMINGHAM, INC., &         2006 CA _06-823-CA_
Post Office Box 231628, Birmingham,
Alabama, 36123-1628, et al.,
willis & Alabama, Inc.
        Defendants.
_____/

COMPLAINT

COME NOW Plaintiffs, INNISFREE HOTELS, INC., AZURE DEVELOPMENT, LLC,

FULFER HARBOUR, LLC, BAY BRIDGE LIMITEDCOMPANY, EMERALD SKYE

CONOL MANAGEMENT & RENTAL CO., INC., PERDIDO HOSPITALITY, LTD., D/B/A

BEST WESTERN PERDIDO, ROMAR MOTELS, INC., D/B/A DAYS INN ORANGE

EXHIBIT
B

BEACH, SUNRISE HOSPITALITY OF PENSACOLA BEACH, LLC, D/B/A BEACHSIDE RESORT, YOUNGS MOTELS, LTD., D/B/A YOUNGS BY THE SEA, AZURE DEVELOPMENT, LLC, D/B/A HILTON GARDEN INN PENSACOLA BEACH, SEASIDE HOSPITALITY, LLC, D/B/A HOLIDAY INN EXPRESS – ORANGE BEACH, SLEEPEN MANAGEMENT, LLC, D/B/AFAMILY INNS MOBILE, CRR HOSPITALITY, D/B/A HILTON GARDEN INN – ORANGE BEACH, and allege as follows:

1.     Plaintiff, INNISFREE HOTELS, INC. is an Alabama corporation incorporated under the laws of the State of Alabama. The other Plaintiffs are Limited Liability Companies organized under the laws of the State of Florida or the laws of the State of Alabama.

2.     Defendant WILLIS OF BIRMINGHAM, INC. *(& Willis & Alabama, Inc.)* is an insurance agent which sold insurance to Plaintiffs.

3.     Defendant, CHUCK NORTON is a resident of Montgomery, Alabama who was employed by WILLIS OF BIRMINGHAM, INC.

4.     Both WILLIS OF BIRMINGHAM, INC. *(Willis & Alabama, Inc.)* and CHUCK NORTON did business in Florida by making presentations to Plaintiffs, by selling Plaintiffs insurance policies, and by performing other acts to subject them to the jurisdiction of the Courts of Florida. Said Defendants also committed tortious acts within the State of Florida as more particularly alleged herein. By virtue of such actions the Defendants have subjected themselves to the jurisdiction of the courts of Florida.

5.     Defendants sold Plaintiffs policies of insurance for the Policy Term from May 6, 2004 - May 6, 2005.

6.     Among other things, the Policies provided coverage for lost business income, excess flood coverage and coverage for wind damage.

- 2 -

7.      On or about September 16, 2004, Hurricane Ivan made landfall along the Florida Gulf Coast causing damage to the properties of Plaintiffs.

8.      As a result of the negligence of Defendants, as more particularly set forth below, Plaintiffs have suffered damage.

9.      Defendants were negligent in the following respects:

(i)     Defendants failed to provide adequate business income insurance to Plaintiffs.

(ii)    Defendants failed to provide NFIP flood coverage on two (2) properties of Plaintiffs; namely the Hilton Garden Inn in Orange Beach, Alabama, owned by CRR Hospitality, LLC and the Holiday Inn Express in Orange Beach, Alabama, owned by Seaside Hospitality, LLC.

(iii)   Defendants failed to provide insurance which would provide adequate flood and wind coverage to the properties of Plaintiffs.

(iv)    Defendants failed to deliver copies of any of the insurance policies which were written for the term May 6, 2004 through May 6, 2005 until after Plaintiffs made demand for the same which was after Hurricane Ivan made landfall.

10.     As a proximate result of the negligence of Defendants, Plaintiffs were caused to suffer the following damages:

(i)     The business income coverage that they had was not adequate.

(ii)    The coverage that they had for excess flood insurance (over NFIP primary limits) and wind coverage was written in such a fashion as to possibly result in non-coverage for losses.

- 3 -

(iii)   They failed to write flood policies for two (2) properties on the beach in Orange Beach, Alabama.

11.   The damages suffered by INNISFREE HOTELS, INC. as a result of the negligence of Defendants amount to $7,858,573.00.

12.   A lawsuit is now pending in the United States District Court for the Southern District of Alabama in which the insurance company which issued the policies sold by Defendants contends that it does not owe this amount. Innisfree Hotels, Inc. has contested the position of the insurance company and contends that the insurance company indeed owes the entire amount.

**WHEREFORE,** Plaintiffs demand judgment against Defendants in the amount of $7,858,573.00, plus interest and the costs of this action. Plaintiffs demand a jury trial on all issues as triable.

Robert A. Emmanuel, of
EMMANUEL, SHEPPARD & CONDON
Florida Bar No. 283797
30 South Spring Street
Post Office Drawer 1271
Pensacola, Florida  32591-1271
Telephone (850) 433-6581
Facsimile  (850) 429-0492
Attorneys for Plaintiffs

- 4 -

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ALABAMA

AXIS SURPLUS INSURANCE COMPANY,

      Plaintiff(s),

           v.

INNISFREE HOTELS, INC.

      Defendant(s).

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]    05-527-WS-5

TO:   Willis
      201 Monroe Street
      Montgomery, AL 36104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case to give testimony regarding any and all transactions between Willis, Innisfree Hotels, and Stewart Smith Southeast, as well as any issues concerning the documents requested in Exhibit "A".

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sasser Bolton Stidham & Sefton, PC<br>1 Commerce Street, Suite 700<br>Montgomery, AL 36104 | October 30, 2006 at<br>10:00 a.m. |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):   **See attached Exhibit "A"**

| PLACE | DATE AND TIME |
|---|---|
| Sasser Bolton Stidham & Sefton, PC<br>1 Commerce Street, Suite 700<br>Montgomery, AL 36104 | October 30, 2006 at<br>10:00 a.m. |

☐☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

```
EXHIBIT
   C
```

AO 88 (Rev. 1/94) Subpoena in a Civil Case

designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 10 - 16 - 06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Michael A. Montgomery, Esq. (MONTM9362)**
**Butler Pappas Weihmuller Katz Craig LLP**
**1110 Montlimar Drive, Suite 1050**
**Mobile, AL 36609**
**Telephone:      (251) 338-3801**
**Facsimile:      (251) 338-3801**
**Attorney for Plaintiff**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

*If action is pending in district other than district of issuance, state district under case number.

AO 83 (Rev. 1/94) Subpoena in a Civil Case

## EXHIBIT "A"

Your entire file regarding Innisfree Hotels, including but not limited to: all correspondence to and from Innisfree Hotels; all correspondence between Willis and Stewart Smith Southeast regarding Innisfree; all correspondence between Willis and Axis Surplus Insurance Company, if any; all correspondence or documents sent to or received from other insurers concerning Innisfree Hotels; any policies of insurance issued between 2003 and 2005 to Innisfree Hotels; any and all file documents regarding Innisfree Hotels dated 2003 to 2005.  Please note that correspondence also refers to electric correspondence and e-mail.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
              DATE                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and

permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place

AO 88 (Rev. 1/94) Subpoena in a Civil Case

more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/18/2006  02:04    3383805                BUTLERPAPPAS                                    PAGE  02/08

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

AXIS SURPLUS INSURANCE COMPANY,

    Plaintiff(s),
                    v.
                                            **SUBPOENA IN A CIVIL CASE**

INNISFREE HOTELS, INC.
                                            CASE NUMBER:[1]    05-527-WS-5

    Defendant(s).

TO:    Charles W. Norton
       110 Arrowhead Drive
       Montgomery, AL 36117

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case to give testimony regarding any and all transactions between Willis, Innisfree Hotels, and Stewart Smith Southeast, as well as any issues concerning the documents requested in Exhibit "A".

| PLACE OF DEPOSITION Sasser Bolton Stidham & Sefton, PC 1 Commerce Street, Suite 700 Montgomery, AL 36104 | DATE AND TIME November 9, 2006 at 10:00 a.m. |
|---|---|

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):    **See attached Exhibit "A"**

| PLACE Sasser Bolton Stidham & Sefton, PC 1 Commerce Street, Suite 700 Montgomery, AL 36104 | DATE AND TIME November 9, 2006 at 10:00 a.m. |
|---|---|

☐☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

10/18/2006  02:04    3383805              BUTLERPAPPAS                    PAGE  03/00

.O 8A (Rev. 1/94) Subpoena in a Civil Case

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 10/18/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael A. Montgomery, Esq. (MONTM9362)
Butler Pappas Weihmuller Katz Craig LLP
1110 Montlimar Drive, Suite 1050
Mobile, AL 36609
Telephone:      (251) 338-3801
Facsimile:       (251) 338-3801
Attorney for Plaintiff

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## EXHIBIT "A"

Your entire file regarding Innisfree Hotels, including but not limited to: all correspondence to and from Innisfree Hotels; all correspondence between Willis and Stewart Smith Southeast regarding Innisfree; all correspondence between Willis and Axis Surplus Insurance Company, if any; all correspondence or documents sent to or received from other insurers concerning Innisfree Hotels; any policies of insurance issued between 2003 and 2005 to Innisfree Hotels; any and all file documents regarding Innisfree Hotels dated 2003 to 2005.  Please note that correspondence also refers to electric correspondence and e-mail.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
¹If action is pending in district other than district of issuance, state district under case number.

10/18/2006  02:04  3383885                BUTLER & ATTAS

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                DATE                    SIGNATURE OF SERVER

          _____
             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in

10/18/2006  02:04    3383805                    BUTLER/APPAS

AO 88 (Rev. 1/04) Subpoena in a Civil Case

order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

AXIS SURPLUS INSURANCE COMPANY,   )
                                         )

      Plaintiff,                )

v.                              )      CIVIL ACTION NO.: 05-527-WS-C

INNISFREE HOTELS, INC.,           )

      Defendant.            )

### NOTICE OF FILING

Subpoenaed non-parties Willis of Alabama, Inc., Stewart Smith Southeast, and Chuck Norton hereby give notice that on the 27th day of October, 2006, they each respectively filed and served the attached Objections and Motions to Quash or Modify Subpoenas served upon them in connection with this case in the United States District Courts for the Middle Districts of Alabama and Florida pursuant to Federal Rules of Civil Procedure 37 (a)(1) and 45 (a)(2). This notice is given for the purpose of facilitating coordination between all Courts with jurisdiction over discovery in this case.

Respectfully Submitted,


_____
/s/ R. Thomas Warburton
One of the Attorneys for
Willis of Alabama, Inc., Stewart Smith
Southeast, and Chuck Norton



OF COUNSEL:
Rusha C. Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Montgomery, Esq.
Butler Pappas Weihmuller Katz Craig, LLP
1110 Montlimar Drive, Suite 1050
Mobile, AL 36609

James B. Newman, Esq.
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
Post Office Box 2767
Mobile, AL 36652

/s/ R. Thomas Warburton
OF COUNSEL

1/1504497.1